# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

JOSEPH L. JOHNSON                                                    PLAINTIFF

VS.                                                    CIVIL ACTION NO. 3:11cv575-LRA

CHRISTOPHER EPPS, ET AL                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court *sua sponte* for evaluation pursuant to 28 U.S.C.

§ 1915(e)(2).  The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to

prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case

at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a  defendant who is immune from such relief."  A plaintiff's claim

shall be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner

alleges the violation of a legal interest that does not exist."  *Martin v. Scott*, 156 F.3d 578

(5th Cir. 1998).

The parties appeared and participated in an omnibus hearing before the

undersigned United States Magistrate Judge on May 16, 2012, at the Jackson Federal

Courthouse in Jackson, Mississippi.  Joseph L. Johnson ("Plaintiff" or "Johnson")

appeared *pro se*.  The only named Defendants are the Commissioner of the Mississippi

Department of Corrections ("MDOC") Christopher Epps, and the Superintendent of the

South Mississippi Correctional Institute [SMCI], Ronald King.  They were represented at

the hearing by Charles Irvin and Tommy Goodwin, Office of the Attorney General, Jackson, Mississippi. Johnson explained his claims under oath to the Court, and this explanation has been considered in conjunction with the allegations contained in the Complaint and pleadings.[1] After due consideration of the testimony of Plaintiff in this case and the pleadings, the Court does hereby find that Johnson has failed to state a constitutional claim against Commissioner Epps and Superintendent King, and they are entitled to immunity from this lawsuit. This cause shall be dismissed pursuant to 28 U.S.C. § 1915.

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff was incarcerated in the custody of the MDOC at SMCI in Leakesville, Mississippi, and at the East Mississippi Correctional Facility [EMCF] in Meridian, Mississippi, during the period of time from 2009-2011. A large portion of Johnson's complaints involve a charge that he was unfairly convicted of a sex crime because of the failure to act on the part of certain officials. However, these claims were dismissed by District Judge Henry T. Wingate [ECF No. 19]. The only claims now remaining have to do with Plaintiff's complaints regarding his living conditions while housed at SMCI and at EMCF.

Plaintiff complains that while he was incarcerated in EMCF in August 2009, an inmate, Carl Johnson, who was a Vice Lord, masturbated on him on several occasions. He was *not raped* because he screamed and another prisoner, Rodney Jones, kept it from

---

[1]The facts are presented in a light most favorable to Johnson.

happening.  Plaintiff was afraid of Johnson and did not want to report the attempts.  It

happened several times while he was housed at EMCF and he applied for a transfer.  He

was transferred to SMCI.  Plaintiff testified that he did not complete the ARP grievance

process on the attempted rape by inmate Carl Johnson because he was transferred.  He did

not actually report these attacks to Commissioner Epps or Superintendent King.

When he got to SMCI, he tried to report that he feared the gang bangers because of

this and wanted to be moved—yet he was not moved.  However, he was never actually

hurt while at SMCI.  Plaintiff suffers from asthma, and he has problems with it because

they do not clean the bathrooms with chemicals twice a day as they should.  The dust

builds up and causes his allergies to flare.

Plaintiff also requested to amend his complaint to add Officer Everett as a

Defendant.  Officer Everett would not allow him to go to the restroom for a bowel

movement for nearly four hours.  He also requested to file an amendment adding the

claim that he slipped and fell on a wet floor, and they would not give him a lay-in from

work or medical attention.  Plaintiff testified that he does not believe he filed an ARP on

these claims.

"To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law."  *West v. Atkins*,

487 U.S. 42, 28 (1988).  There is no liability under section 1983 under a theory of

*respondeat superior.  Monell v. Department of Social Services*, 436 U.S. 658, 691-95

3

(1978).  It is well-settled that "there is no vicarious or respondeat superior liability of supervisors under § 1983."  *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 425 (5th Cir. 2006); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676, citing *Monell*, 436 U.S. at 677 (the term "supervisory liability" is a "misnomer").  Each government-official defendant, through the official's own individual actions, must have violated the Constitution; they are not held accountable for the misdeeds of their agents.  *Id.* at 1948-49.  Absent vicarious liability, each Government official is liable for his or her own misconduct.  *Id. See also Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011) (citing *Iqbal* at 677*)*.

Fifth Circuit precedent requires either *personal involvement by an individual Defendant* in the alleged violation, or the *enforcement of some policy or practice resulting in the constitutional deprivation.  Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999) (emphasis added); *Stewart v. Murphy*, 174 F.3d 530, 536-37 (5th Cir. 1999); *Alton v. Texas A & M University,* 168 F.3d 196, 200 (5th Cir. 1999).  Any claims against Epps or King in their individual capacities must be based on "direct acts or omissions ... not the acts of subordinates."  *Coleman v. Houston Indep. School Dist.,* 113 F.3d 528, 534 (5th Cir. 1997).

In this case, Plaintiff testified it was Epps's responsibility in his capacity as Commissioner and King's responsibility as Superintendent to "answer me or come see me personally."   According to Plaintiff, he wrote King and told him he needed a "private

talk" about what was "going on in the building." Yet, they would not respond and that is what had his "life in jeopardy."

Plaintiff does not suggest that either Defendant was personally aware of the attempts of rape, of his conditions regarding asthma, or Officer Everett's refusal to let him go to the bathroom. He simply charges that Epps and King *should have known*— and should have done something about it. Without more, Plaintiff's allegations failed to establish that either Defendant was personally involved in any constitutional violation against him. Supervisory liability under §1983 cannot attach where the allegation of liability is based upon a mere failure to act; instead, any liability must be based upon active unconstitutional behavior. *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1246 (6th Cir. 1989). The Court finds that although these Defendants are immune from suit under these circumstances, Plaintiff has also failed to state a constitutional claim against any official.

The Court finds that Plaintiff's allegations, taken in a light most favorable to him, simply do not rise to the level of a constitutional violation. In order to successfully prove an Eighth Amendment conditions of confinement claim, a civil rights plaintiff must allege facts which suggest that the prison officials' conduct resulted in the plaintiff being incarcerated under "conditions which [posed] an unreasonable risk of damage to [the prisoner's] future health." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir.2001). This "risk must be of such a level that today's society would not tolerate it." *Id*. In order to prevail on such a conditions of confinement claim, a plaintiff must plead facts which

establish: (1) objectively, that the deprivations are sufficiently serious; and (2) subjectively, that the defendant prison officials knew of the deprivations but nevertheless have shown a "deliberate indifference" to the plaintiff's "health or safety." *Id.*

A prisoner must show that the inflicting officer has exhibited "deliberate indifference" to the conditions. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). Mere negligence does not satisfy the "deliberate indifference" standard. *Id.* The prisoner must suffer from an **extreme deprivation** of any "minimal civilized measure of life's necessities." *Id.* at 304.

An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (claim may be dismissed as frivolous if it does not have an arguable basis in fact or law). Under the circumstances, Plaintiff has not set forth any fact or testimony with which to show an intent to punish, or deliberate indifference, on the part of Epps or King. Plaintiff has shown no actual injury; he primarily claimed discomfort from the dust due to his asthma and the fear of being hurt. These allegations do not rise to the level of an Eighth Amendment claim or Fourteenth Amendment claim under the circumstances.

Having liberally construed the Complaint in favor of Plaintiff, the Court finds that his claims are frivolous[2] and fail to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).  Additionally, Defendants are immune from this lawsuit.

THEREFORE, it is hereby ordered that this case is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  A Final Judgment in favor of  Defendants shall be entered on this date.

SO ORDERED AND ADJUDGED, this the 4th day of April 2013.


S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE

---

[2]"Frivolous" in this context is a legal term of art that indicates that, although the Plaintiff's allegations are serious to him, and may, indeed, be based on a tangible injury, the theory on which his claims are based are "indisputably meritless" in a legal sense. See Allison v. Kyle, 66 F.3d 71, 73 (5th Cir. 1995).